**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **GARY LANE EISENMANN,** | )<br>) |
| Petitioner, | )<br>) |
| v. | )   CIV 06-1066 PHX ROS (MEA) |
| **IVAN BARTOS, et al.,** | )<br>)   REPORT AND RECOMMENDATION |
| Respondents. | )<br>) |

**TO THE HONORABLE ROSLYN O. SILVER:**

       On April 18, 2006, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the sentence imposed pursuant to his criminal conviction by an Arizona state court. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") on August 10, 2006. Docket No. 12. Respondents assert Petitioner's federal habeas petition was not filed within the applicable statute of limitations. Respondents also assert Petitioner's habeas claims were not properly exhausted in the Arizona state courts and are procedurally defaulted. Therefore, Respondents argue, the petition must be denied and dismissed with prejudice. Petitioner filed a reply and response to the answer on September 7, 2006. See Docket No. 13.

**I Procedural History**

Petitioner was charged with one count of burglary and one count of theft in an information filed October 2, 2002. Answer, Exh. D. At the time Petitioner committed his crime, he was on supervised parole for crimes committed in Arizona in 1993, i.e., theft, a Class 3 felony, and burglary in the first degree, a Class 2 felony.[1]  Id., Exh. B at 10, 16-19, 21.

On December 6, 2002, Petitioner entered into a plea agreement providing he would plead guilty to one count of theft. Id., Exh. E. The plea agreement also provided the burglary charge would be dismissed. Id., Exh. E. At the change of plea hearing and in the written plea agreement Petitioner averred he had previously been convicted of two "allegeable" felonies. Id., Exh. A & Exh. E. The plea agreement averred Petitioner had "only 2 prior felony conviction[s] from any jurisdiction." Id., Exh. E.

At his sentencing hearing, Petitioner agreed the presentencing report correctly indicated Petitioner had previously been convicted of six felonies. Answer, Exh. B at 16-19. The government agreed to proceed with the plea agreement notwithstanding Petitioner's apparent prevarication regarding his prior convictions in other jurisdictions. Id., Exh. B at 17-20. The government alleged Petitioner was a "career criminal" and urged the sentencing court to impose the maximum

---

[1] See Arizona v. Eisenmann, 1993 CR 006445, and Arizona v. Eisenmann, 1993 CR 007295, available at the Maricopa County Superior Court's website at www.superiorcourt.maricopa.gov/docket/criminal.

-2-

sentence allowed under the plea agreement. Id., Exh. B at 17-20.

On January 6, 2003, Petitioner was sentenced to a "superaggravated" term of 8.75 years in prison, the maximum allowed by the terms of the plea agreement for his theft conviction. Id., Exh. B & Exh. G. The sentencing court stated on the record:

> The defendant has multiple prior felony convictions, at least two of which are allegeable. He was on parole when he committed this offense.
> I find that based upon his prior conduct..., as well as the written information and documents ... submitted in attachment to [the government's] supplemental sentencing information, that it's apparent to me that Mr. Eisenmann is a very serious danger to the community and a danger to reoffend. I say this based largely upon his apparent signs of preparation for future offenses. He had numerous tools, instructions as to how to circumvent burglary security systems, and, as I understand it, [], a list of potential victims....

Id., Exh. B at 20.

At the time of his incarceration, the Arizona Department of Corrections noted the state court's order sentencing Petitioner did not cite to Arizona Revised Statutes Annotated § 13-1802, governing the crime of theft. Id., Exh. H. The ADOC sought clarification from the sentencing judge regarding this omission. Id., Exh. H. Pursuant to a stipulation by Petitioner and the government, on August 6, 2003, the state court amended the plea agreement and the sentencing order to include a citation to section 13-1802. Id., Exh. I & Exh. J.

-3-

Petitioner filed a timely notice of his intent to seek post-conviction relief on March 27, 2003. Id., Exh. K. On June 23, 2003, Petitioner's appointed counsel notified the state court he could not find a colorable claim for relief to raise on Petitioner's behalf. Id., Exh. M. Petitioner was notified that he could file a *pro se* petition for post-conviction relief. Id., Exh. N. On July 10, 2003, Petitioner, through counsel, filed a pleading seeking dismissal of his action for post-conviction relief. Id., Exh. O. Petitioner averred to the state court he no longer wished to contest his conviction or sentence. Id., Exh. O. Petitioner stated he understood he could not file another petition for post-conviction relief absent, *inter alia*, a change in the law "which would probably overturn the conviction or sentence...." Id., Exh. O. On August 22, 2003, the state trial court dismissed Petitioner's action for post-conviction relief based on Petitioner's failure to file an actual petition for relief prior to the relevant deadline. Id., Exh. P.

Petitioner filed a second action for post-conviction relief in the state trial court on September 13, 2004, Id., Exh. G. Petitioner asserted this post-conviction action was timely because it fell within the exception to the timeliness rule stated in Rule 32.1(g), Arizona Rules of Criminal Procedure. Id., Exh. Q. Petitioner argued the action fell within the exception because he was raising a claim premised on a significant change in the relevant law. Id., Exh. Q. Petitioner asserted he was entitled to resentencing based on the

United States Supreme Court's holding in <u>Blakely v. Washington</u>, i.e., his sentence was based upon facts not admitted by Petitioner and not found by a jury. <u>Id.</u>, Exh. Q.

The Arizona Superior Court dismissed Petitioner's second action for post-conviction relief on September 20, 2004, concluding the action was not timely filed. <u>Id.</u>, Exh. R. The trial court determined Petitioner's action did not fall within the Rule 32.1(g) exception because his conviction became final prior to the decision in <u>Blakely</u> and <u>Blakely</u> is not to be applied retroactively on collateral review. <u>Id.</u>, Exh. R.[2]

Petitioner sought review of this decision by the Arizona Court of Appeals. <u>Id.</u>, Exh. S. Petitioner asserted the Arizona Superior Court had violated his right to due process of law by dismissing his second action for post-conviction relief. <u>Id.</u>, Exh. S. The Arizona Court of Appeals denied the petition for review on July 21, 2005. <u>Id.</u>, Exh. T. Petitioner sought review of this decision by the Arizona Supreme Court. <u>Id.</u>, Exh. U. Petitioner argued that <u>Blakely</u> and the opinion in <u>United States v. Booker</u>, issued in 2005, constituted a significant change in the law which applied retroactively to Petitioner's sentence. <u>id.</u>, Exh. U. The Arizona Supreme Court denied Petitioner's petition for review on March 9, 2006. <u>Id.</u>, Exh. V.

---

[2] The state court concluded Petitioner's state conviction became final upon the conclusion of his "Rule 32 of-right proceedings" on September 21, 2003, when the time expired for seeking appellate review of the dismissal of his first Rule 32 action. Petition, Attach.; Answer, Exh. R.

Petitioner asserts he is entitled to federal habeas relief because:

1. His sentence was wrongly aggravated in violation of his Sixth Amendment rights;

2. His right to an appeal of his conviction and sentence was violated by the state courts' summary dismissal of his second action for post-conviction relief, citing to the Sixth Amendment;

3. His right to procedural due process was violated by the state courts' summary dismissal of his second action for post-conviction relief. Petitioner contends the state courts "refuted new evidence pertaining to [his] sentence." Petition at 9.

**II Analysis**

**A. Relevant statute of limitations**

Because Petitioner pled guilty, pursuant to Arizona law he had no right to a direct appeal and his conviction arguably became "final" for the purpose of federal habeas relief on the date judgment was entered and he was sentenced by the state trial court, i.e., January 6, 2003. See Montgomery v. Sheldon, 181 Ariz. 256, 258 (1995); Isley v. Arizona Dep't of Corr., 383 F.3d 1054, 1056 (9th Cir. 2004). Cf. Hernandez-Almanza v. United States Dep't of Justice, INS, 547 F.2d 100, 103 (9th Cir. 1976) (holding, for purposes of an immigration proceeding, that a criminal conviction was final when the defendant entered a

guilty plea and waived direct appeal).³  Therefore, Petitioner's conviction became final after the effective date of the AEDPA and is subject to the one-year statute of limitations.

The AEDPA requires state prisoners to file any petition for federal habeas corpus relief within one year of the date that their state court conviction becomes "final."  See 28 U.S.C. § 2244(d)(1)(A) (1994 & Supp. 2006) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").  This section provides:

> The limitation period shall run from the latest of--
> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) *the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*
> (D) the date on which the factual predicate of the claim or claims presented could have

---

³ The Court notes the state court determined Petitioner's conviction became final when proceedings concluded regarding his "appeal" as of right pursuant to his guilty plea, i.e., his "Rule 32 of-right" proceedings.  This apparently contradicts the conclusion in Isley, which has been regularly followed by the District of Arizona.  See, e.g., Smith v. Schriro, 2006 WL 2547294, at *2 (D. Ariz.); Halliburton v. Bartos, 2006 WL 2504315, at *1 (D. Ariz.); Bradford v. Schriro, 2006 WL 1722310, at *3 (D. Ariz.); Mares v. Schriro, 2006 WL 898164, at *3 (D. Ariz.).  Additionally, using the later date does not allow that the petition is timely filed.

-7-

>  been discovered through the exercise of due diligence.

(emphasis added).

The running of this one-year statute of limitations is tolled during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in any state court. See id. § 2244(d)(2); see also Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286-87 (9th Cir. 1997), overruled on other grounds by Calderon v. Kelly, 163 F.3d 530 (9th Cir. 1998) (en banc).

>  Section 2244(d)(2) provides for tolling during the time a "properly filed" state court petition is pending. "Properly filed" means the petition's "delivery and acceptance are in compliance with the applicable laws and rules governing filings" in that state. In Pace v. DiGuglielmo, the United States Supreme Court held that "[w]hen a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)."

Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005).

Respondents argue the petition is not timely filed because Petitioner did not file his habeas action within one year of the date his conviction became final, absent any tolling of the limitations period during the pendency of Petitioner's first state action for post-conviction relief.

Petitioner's conviction became final, for purposes of the AEDPA's statute of limitations, on January 6, 2003. Therefore, Petitioner had until January 5, 2004, to file his habeas petition, absent any statutory or equitable tolling of

-8-

the statute of limitations.

The statute of limitations ran from January 7, 2003, until March 27, 2003, a period of approximately 80 days, when Petitioner filed a timely notice of post-conviction relief, which tolled the statute of limitations regarding his federal habeas action. The statute of limitations was tolled until August 22, 2003, when the state trial court dismissed Petitioner's action for post-conviction relief. Petitioner had thirty days to seek review of this decision by the Arizona Court of Appeals and, therefore, the statute of limitations on his federal habeas action was further statutorily tolled during this time. See Gibson v. Klinger, 232 F.3d 799, 803-04 (10th Cir. 2000); Swartz v. Meyers, 204 F.3d 417, 420-24 (3d Cir. 2000). See also Johnson v. McCaughtry, 265 F.3d 559, 563 n.3 (7th Cir. 2001) (declining to decide the issue but collecting cases so holding).

Therefore, the remaining nine and a half months of the statute of limitations regarding Petitioner's federal habeas action began to run again on September 22, 2003, and expired on approximately July 5, 2004, unless further tolled by another "properly filed" action for post-conviction relief. Petitioner's federal habeas action, filed April 18, 2006, was not filed within the applicable statute of limitations.

Petitioner filed a second action for post-conviction relief in the state trial court on September 13, 2004, asserting he was entitled to relief from his sentence based on the United States Supreme Court's holding in Blakely v. Washington. The

Arizona courts determined this action was not timely filed, concluding the petition did not fall within the exception to the rule regarding timely filing stated in Rule 32.1(g), Arizona Rules of Criminal Procedure. Because this action was not "properly filed" because it was untimely, the second action for post-conviction relief did not toll the statute of limitations regarding Petitioner's federal habeas action. See Pace, 544 U.S. at 416-17; Bonner, 425 F.3d at 1148-49. Additionally, this second action for post-conviction relief could not "revive" the already-expired statute of limitations. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).

Because Petitioner did not file his federal habeas action within the period specified by the AEDPA, his petition for habeas relief may only be considered if the AEDPA's time limitation may be "equitably" tolled in his case. See Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001). The Ninth Circuit Court of Appeals has determined that equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003); Malcom v. Payne, 281 F.3d 951, 962 (9th Cir. 2002). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). It is Petitioner's burden to establish that equitable

1 tolling is warranted in his case.  Gaston, 417 F.3d at 1034.

2       Petitioner has not established that there were
3 extraordinary circumstances beyond his control which made it
4 impossible for him to file a timely federal habeas petition.
5 Petitioner does not assert there were "extraordinary"
6 circumstances precluding him from timely filing his habeas
7 petition.  Petitioner only asserts his second state action for
8 post-conviction relief was timely and should have statutorily
9 tolled the statute for limitations on Petitioner's federal
10 habeas relief.  Petitioner asserts he is entitled to relief
11 based on the decision in Blakely, and, therefore, that his
12 action was timely because it fit the exception for relief based
13 on new law.  Petitioner also asserts his federal habeas petition
14 is timely because he is entitled to relief based on the decision
15 in Blakely, which was not available prior to June of 2004.

16       The Court is unaware of any federal court opinion
17 concluding a change in the law entitles a petitioner to
18 equitable tolling of the relevant statute of limitations and,
19 therefore, Petitioner is not entitled to equitable tolling based
20 on the decision in Blakely.  Neither does Blakely provide for an
21 alternative date for beginning the statute of limitations
22 regarding Petitioner's habeas action.  Section 2244 provides the
23 statute of limitations regarding a federal habeas claim may
24 begin to run on the "date on which the constitutional right
25 asserted was initially recognized by the Supreme Court, if the
26 right has been newly recognized by the Supreme Court and made
27 retroactively applicable to cases on collateral review."  28

U.S.C. § 2244(d)(1)(). This section is not applicable to Petitioner's <u>Blakely</u> claim because the United States Supreme Court has not made <u>Blakely</u> retroactive to cases on collateral review. <u>See</u> <u>Schardt v. Payne</u>, 414 F.3d 1025, 1038 (9th Cir. 2005), <u>petition for cert. filed</u>, No. 05-9237 (Nov. 10, 2005). <u>See also</u> <u>Tyler v. Cain</u>, 533 U.S. 656, 662, 121 S. Ct. 2478, 2482 (2001) (holding that a new rule is "made retroactive to cases on collateral review" only if the Supreme Court holds it to be retroactively applicable to cases on collateral review).

Additionally, Petitioner's assertion that <u>Blakely</u> is equivalent to "new evidence" regarding his sentence is not legally cognizable; the <u>Blakely</u> opinion is the legal predicate for Petitioner's claim, not evidence relevant to his guilt or sentence. <u>Cf.</u> <u>Shannon v. Newland</u>, 410 F.3d 1083, 1089 (9th Cir. 2005) ("a state-court decision establishing an abstract principle of law arguably helpful to the petitioner's claim does not constitute a 'factual predicate' for that claim."). <u>Compare</u> <u>Johnson v. United States</u>, 544 U.S. 295, 305-06, 125 S. Ct. 1571, 1579-80 (2005) (concluding a court order vacating the petitioner's prior conviction constituted a factual predicate for his claim challenging his current sentence as enhanced by the prior conviction).

Because Petitioner's federal habeas petition was not timely filed, absent statutory or equitable tolling of the statute of limitations, the habeas petition should be denied and dismissed.

**B.   The merits of Petitioner's claims for relief**

Alternatively, the petition for habeas relief may be denied on the merits of the claims raised by Petitioner, regardless of any failure to properly exhaust his claims in the state courts.

Petitioner asserts he is entitled to habeas relief premised on the holding in Blakely. Petitioner's conviction became final, arguably, on January 6, 2003, when he was sentenced and judgment entered. The United States Supreme Court announced a new constitutional rule regarding criminal procedure in Blakely v. Washington on June 24, 2004. Therefore, Petitioner's conviction became final prior to the date that the United States Supreme Court issued the Blakely decision in June of 2004. The Ninth Circuit Court of Appeals has conclusively held the Supreme Court's Blakely decision does not apply retroactively to a state conviction which was final before June 24, 2004. See Schardt, 414 F.3d at 1038. Because Petitioner's conviction was final prior to Blakely, he is not entitled to resentencing based on this opinion.

Additionally, Petitioner could properly be sentenced to a term of 8.75 years imprisonment for his conviction on a Class 3 felony based solely on facts admitted by Petitioner, i.e., his two 1993 felony convictions within Arizona, and his parole status at the time he committed his 2001 crime. Petitioner admitted in the written plea agreement and in open court at the time of sentencing he had previously been convicted of two felonies and that he was on parole at the time of the instant

conviction. At the time Petitioner was sentenced, Arizona law provided for a statutory maximum of 13 years imprisonment for an individual convicted of a Class 3 felony if the individual was previously convicted of a felony. The fact that Petitioner's sentence was aggravated by prior convictions and that he admitted these prior convictions removes his circumstance from the umbrella of both Apprendi and Blakely.[4] See Hughes v. Harrison, 129 Fed. App. 340, 341 (9th Cir.), cert. denied, 126 S. Ct. 130 (2005); Stevenson v. Lewis, 116 Fed. App. 814, 815 (9th Cir. 2004) ("Apprendi carved out a "narrow exception" for sentence enhancements based on "the fact of a prior conviction.").

Additionally, Petitioner's assertion that he was denied his right to procedural due process by the state courts' summary dismissal of his second action for post-conviction relief,

---

[4]
> Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. [] Here, only the existence of a prior conviction is at issue, and Petitioner has no federal right to have a jury decide that question. .... The Constitution permits prior convictions to be used to enhance a sentence, without being submitted to a jury, so long as the convictions were themselves obtained in proceedings that required the right to a jury trial and proof beyond a reasonable doubt. Apprendi, 530 U.S. at 488, 120 S. Ct. 2348; [].  There is no suggestion that Petitioner's 1986 conviction was obtained without the requisite procedural safeguards. Thus, we reject Petitioner's claim that his sentence violated Apprendi.

Davis v. Woodford, 446 F.3d 957, 963 (9th Cir. 2006).

without consideration of the merits of his Blakely claim, may be denied because this claim is not cognizable on federal habeas review. The Ninth Circuit Court of Appeals has concluded that federal habeas relief is not available to address alleged errors in a state post-conviction review process. See Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989).

### III Conclusion

Petitioner's action for federal habeas relief was not timely filed and, therefore, the petition should be denied and dismissed. Alternatively, Petitioner is not entitled to relief on the merits of his Blakely claim because Blakely was decided after Petitioner's state conviction became final. Additionally, Petitioner's sentence was within the statutory maximum for his crime and his sentence was predicated on facts, including his prior convictions, admitted by Petitioner. Therefore, Petitioner is not entitled to relief on the merits of his Blakely claim. Furthermore, Petitioner's claim that the state courts' summary dismissal of his Blakely claim violated his right to due process of law is not cognizable in an action for federal habeas relief.

**IT IS THEREFORE RECOMMENDED** that Mr. Eisenmann's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 25th day of September, 2006.

_____
Mark E. Aspey
United States Magistrate Judge