IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Gary Lane Eisenmann,           ) | No. CV 06-1066-PHX-ROS |
| )                                  |  |
| Petitioner,       ) | **ORDER** |
| )                                  |  |
| vs.                              ) |  |
| )                                  |  |
| Ivan Bartos, et al.,             ) |  |
| )                                  |  |
| Respondents.     ) |  |
| )                                  |  |

Petitioner, Gary Lane Eisenmann ("Eisenmann"), filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 18, 2006. (Doc. #1). On September 26, 2006, Magistrate Judge Aspey issued a Report and Recommendation (R & R) that the Petition be denied and dismissed with prejudice. (Doc. #14). Cordova filed objections to Magistrate Judge Aspey's R & R on August 31, 2006. (Doc. #17) For the reasons set forth below, the Court will adopt the R & R and deny Eisenmann's Petition for Writ of Habeas Corpus.

**I.     Standard of Review of Report and Recommendation**

After a Magistrate judge submits a R & R, the parties have ten days in which to file any objections. 28 U.S.C. §636(b)(1). The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* After evaluating the Magistrate

1  Judge's Report and Recommendation, as well as the objections filed by either party, a
2  district judge "may accept, reject, or modify, in whole or in part, the findings or
3  recommendations made by the magistrate judge." *Id.*

4  **II.     Analysis**

5  　　　　In his objections to Magistrate Judge Aspey's R & R, Eisenmann does not contend
6  that his habeas petition was filed within the statute of limitations period.  Eisenmann's
7  case became final on direct review on January 24, 2003, and the one year statute of
8  limitations period began to run on that date.  *See* 28 U.S.C. §2244(d)(1)(A).  Eisenmann's
9  one year statute of limitations period was tolled on March 27, 2003 when he properly
10 applied for state post-conviction relief.  *See* 28 U.S.C. §2244(d)(2).  The tolling period
11 ended on September 22, 2003 when Eisenmann's ability to request state post-conviction
12 relief was exhausted.  The one year statute of limitations expired on July 5, 2004.
13 Eisenmann did not file his habeas petition until April 18, 2006.  The Court agrees with
14 Magistrate Judge Aspey that Eisenmann's habeas petition was not timely filed within the
15 statute of limitations period.

16 　　　　Eisenmann objects to Magistrate Judge Aspey's R & R because he claims he is
17 entitled to post-conviction relief under Ariz. R. Crim. P. 32.1(g).  Rule 32.1(g) gives a
18 person convicted of a criminal offense the right to file a post-conviction relief proceeding
19 if "[t]here has been *a significant change in the law* that if determined to apply to a
20 defendant's case would probably overturn the defendant's conviction or sentence."  Ariz.
21 R. Crim. P. 32.1(g) (emphasis added).

22 　　　　Eisenmann argues that the holding of *United States v. Booker*, 534 U.S. 220 (2005)
23 is a significant change in law that retroactively applies to his conviction.  However, the
24 Ninth Circuit has held that *Booker* does not retroactively apply to convictions that were
25 final on direct review before *Booker* was announced.  *United States v. Cruz*, 423 F.3d
26 1119, 1121 (9th Cir. 2005).  *Booker* was announced on January 12, 2005.  Eisenmann's
27 state conviction became final on direct review on January 24, 2003.  Consequently,
28

- 2 -

1 *Booker* does not retroactively apply to Eisenmann's conviction nor does it allow him the
2 right to a post-conviction relief proceeding under Rule 32.1(g).
3     Moreover, *Booker* addresses sentencing procedures in federal courts. Eisenmann's
4 sentencing procedure was imposed in a state court. In *Blakely v. Washington*, 542 U.S.
5 296 (2004), the Supreme Court announced a new Constitutional rule addressing how state
6 courts may conduct sentencing procedures. The Ninth Circuit has held that the holding in
7 *Blakely*, like *Booker*, does not retroactively apply to convictions that were final on direct
8 review before the *Blakely* decision was announced. *Schardt v. Payne*, 414 F.3d 1025,
9 1036-38 (9th Cir. 2005). Thus, the *Blakely* decision does not apply to Eisenmann's case
10 because his conviction was final on direct review before the *Blakely* decision was
11 announced on August 23, 2004.
12     Eisenmann also objects to Magistrate Judge Aspey's finding that a 8.75 year
13 enhanced sentence was proper because it was based solely on the facts Eisenmann
14 admitted to the sentencing court. Magistrate Judge Aspey's R & R found that Eisenmann
15 could properly receive a sentence of 8.75 years because he admitted, in a plea agreement
16 and in open court at the time of sentencing, that he had been previously convicted of two
17 felonies and was on parole at the time of his conviction. Eisenmann argues that the
18 sentencing judge did not enhance his sentence based on his prior convictions or parole
19 status, but because of material contained in a police report submitted to the sentencing
20 court. Eisenmann claims that the procedures used to enhance his sentence were a
21 violation of *Booker.*
22     As discussed above, the holdings in *Booker* and *Blakely* do not apply to the
23 procedures that affected Eisenmann's sentence. Moreover, "[t]he Constitution permits
24 prior convictions to be used to enhance a [criminal defendant's] sentence, without being
25 submitted to a jury, so long as the convictions were themselves obtained in proceedings
26 that required the right to a jury trial and proof beyond a reasonable doubt." *Apprendi v.*
27 *New Jersey*, 530 U.S. 466, 488 (2000)*; Davis v. Woodford*, 446 F.3d 957, 963 (9th Cir.
28

2006).  The record reflects that the sentencing court considered Eisenmann's prior convictions when it imposed an enhanced sentence.

The Supreme Court's holding in *Apprendi* requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond prescribed statutory maximum* must be submitted to jury and proved beyond reasonable doubt." *Apprendi*, 530 U.S. at 488 (emphasis added).  At the time of his conviction, Eisenmann faced a statutory maximum sentence of 13 years for the crime he committed and his previous felony convictions.  Even if the sentencing court considered and was influenced by facts contained within police reports, it did not impose a sentence above the statutory maximum of 13 years.  The imposed sentence was 8.75 years and did not violate the principles of the *Apprendi* holding.  The Court agrees with Magistrate Judge Aspey's finding that the sentencing court could properly impose a sentence of 8.75 years upon Eisenmann.

For the foregoing reasons the Court finds that Eisenmann's habeas petition is barred by the limitation period under 28 U.S.C. §2244 and in all other respects in agreement with Magistrate Judge Aspey's R & R.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Aspey's Report & Recommendation (Doc. # 14) is **ADOPTED.**  Eisenmann's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.  The Clerk of Court shall dismiss case number CV 06-1066-PHX-ROS.

DATED this 27th day of March, 2007.

Roslyn O. Silver
United States District Judge